**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Maulique Alexander Heyward, Appellant.

Appellate Case No. 2019-001711

_____

Appeal From Charleston County
Roger M. Young, Sr., Circuit Court Judge

_____

Unpublished Opinion No. 2022-UP-055
Submitted January 1, 2022 – Filed February 9, 2022

_____

**AFFIRMED**

_____

Appellate Defender David Alexander, of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Tommy Evans, Jr., both of Columbia,
for Respondent.

_____

**PER CURIAM:** Maulique Alexander Heyward appeals his convictions and
sentences of forty years' imprisonment for murder and five years' imprisonment for
possession of a weapon during the commission of a violent crime. On appeal,
Heyward argues the circuit court erred in refusing to charge the jury on

self-defense.  We find the circuit court did not abuse its discretion in refusing to charge the jury on self-defense because Heyward testified (1) he threatened the victim immediately prior to shooting him, (2) the victim was not armed, and (3) the victim was not attacking Heyward when he shot the victim.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010) ("An appellate court will not reverse the [circuit court's] decision regarding a jury charge absent an abuse of discretion."); *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("An abuse of discretion occurs when the conclusions of the [circuit] court either lack evidentiary support or are controlled by an error of law."); *State v. Gaines*, 380 S.C. 23, 31, 667 S.E.2d 728, 732 ("To warrant reversal, a [circuit] court's refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant."); *State v. Slater*, 373 S.C. 66, 69-70, 644 S.E.2d 50, 52 (2007) ("To establish self-defense in South Carolina, four elements must be present: (1) the defendant must be without fault in bringing on the difficulty; (2) the defendant must have been in actual imminent danger of losing his life or sustaining serious bodily injury, or he must have actually believed he was in imminent danger of losing his life or sustaining serious bodily injury; (3) if his defense is based upon his belief of imminent danger, defendant must show that a reasonably prudent person of ordinary firmness and courage would have entertained the belief that he was actually in imminent danger and that the circumstances were such as would warrant a person of ordinary prudence, firmness, and courage to strike the fatal blow in order to save himself from serious bodily harm or the loss of his life; and (4) the defendant had no other probable means of avoiding the danger."); *State v. Light*, 378 S.C. 641, 650, 664 S.E.2d 465, 469 (2008) ("If there is any evidence in the record from which it could reasonably be inferred that the defendant acted in self-defense, the defendant is entitled to instructions on the defense, and the [circuit court's] refusal to do so is reversible error."); *State v. Santiago*, 370 S.C. 153, 159, 634 S.E.2d 23, 26 (Ct. App. 2006) ("A self-defense charge is not required unless the evidence supports it.").

**AFFIRMED.**[1]

**THOMAS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.